**UNITED STATES of America**

v.

**Arthur Lorenzo GORDON, Defendant.**

**No. 3:04CR58–02.**

United States District Court,
E.D. Virginia,
Richmond Division.

Nov. 9, 2004.

Roderick C. Young, David John Novak, United States Attorney's Office, Richmond, VA, for United States.

Michael N. Herring, Bricker & Herring PC, Gerald Thomas Zerkin, Frank W. Dunham, Jr., Office of the Public Defender, Richmond, VA, for Defendant.

## MEMORANDUM OPINION

### (Defendant's Motion to Dismiss Indictment)

HUDSON, District Judge.

This case is before the Court on Defendant's Motion to Dismiss the Indictment against him. On September 7, 2004, the Grand Jury returned a Second Superceding Indictment against Arthur Lorenzo Gordon ("Gordon"). Gordon is charged in Count One of the Second Superceding Indictment ("current Indictment") with Murder While Engaged in Drug Trafficking, in violation of 21 U.S.C. § Code 848(e)(1)(A) and 18 U.S.C. § 2; in Count Two with Conspiracy to Use and Carry a Firearm

During and in Relation to a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(n); and in Count Three with Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. §§ 924(c) and 2. Count Four of the current Indictment pertains only to the codefendant, Peter Robert Jordan, who is also named in Counts One through Three of the current Indictment. Both Defendant Gordon and the United States have filed extensive memoranda of law, and the Court has heard oral argument.

Although each side frames the issues differently, the central question to the disposition of this Motion is whether the defendant's prosecution for Counts One, Two and Three of the current Indictment are precluded by a plea agreement, executed by the defendant and the United States on November 26, 2002 in this judicial district, in Case No. 3:02CR312. The respective arguments can be distilled to this Court's interpretation of paragraph five of the November 26, 2002 Plea Agreement ("2002 Plea Agreement"). It reads in pertinent part:

> The United States will not further criminally prosecute defendant in the Eastern District of Virginia for the specific conduct described in the indictment or the statement of facts. Therefore, defendant does not have immunity for crimes related to, but not specifically set out in the indictment or statement of facts. After the Court's acceptance of this plea, the United States will move to dismiss the remaining counts of the indictment against this defendant.

On November 26, 2002, the defendant entered into the 2002 Plea Agreement here in controversy. Under the terms of the Agreement, the defendant pled guilty to Count Two of the 2002 Indictment ("2002 Indictment"), charging him with distribution of a controlled substance. An integral part of the 2002 Plea Agreement, however, was the government's obligation to dismiss Count One of the 2002 Indictment, which charged the defendant with Conspiracy to Distribute and to Possess with the Intent to Distribute 50 Grams or More of a Mixture or Substance Containing Cocaine Base, commonly known as "Crack". Count One of the 2002 Indictment alleged that the conspiracy began as early as 2001 and continued through, and at least as late as, August 2002.

In the current Indictment, the Grand Jury charges in Count One, that the defendant "did intentionally and unlawfully kill, counsel, command, induce, procure and cause the intentional killing of Dwayne Tabon ... while the defendants were engaged in an offense ... a Conspiracy to Distribute and Possess with the Intent to Distribute 50 Grams or More of 'Crack' Cocaine." Count Two charges that the defendant "did conspire with [each other] and with others to commit an offense ... namely, to use and carry firearms during and in relation to a drug trafficking offense for which the defendants may be prosecuted in a court of the United States, specifically, Conspiracy to Distribute and Possess with the Intent to Distribute 'Crack' Cocaine." In Count Three, the Grand Jury charges that the defendant "did knowingly possess a firearm in furtherance of a drug trafficking crime ... namely, Conspiracy to Distribute and Possess with Intent to Distribute 'Crack' Cocaine." Counts One, Two and Three of the current Indictment allege that the offenses occurred on or about September 14, 2001.

The defendant contends that the charges in the current Indictment, and the ensuing prosecution, are based on the same conspiratorial conduct alleged in Count One of the 2002 Indictment. He maintains that since such conduct is an essential element of proof in Counts One, Two and Three of

the current Indictment, such prosecution violates the 2002 Plea Agreement.

The government disagrees on both contractual and constitutional grounds. Carefully parsing the language of the first sentence in paragraph five of the 2002 Plea Agreement, the government points out that it agreed to not further prosecute the defendant for the "specific conduct" described in the 2002 Indictment or Statement of Facts. The government contends that neither murder, nor use of a firearm in furtherance of a drug trafficking crime, were conduct specifically described in the 2002 Indictment or Statement of Facts. The conduct described in Count One was Conspiracy to Distribute and to Possess with the Intent to Distribute 50 Grams or More of a Mixture or Substance Containing Cocaine Base, commonly known as "Crack".

The United States also emphasizes that the very next sentence in paragraph 5 of the 2002 Plea Agreement, clearly advises the defendant that he "does not have immunity for offenses related to, but not specifically set out in the indictment or statement of facts." Again, the government notes that neither the murder of Dwayne Tabon nor the possession of firearms in furtherance of a drug trafficking conspiracy are set out in the 2002 Indictment or the accompanying Statement of Facts.

■ The United States Court of Appeals for the Fourth Circuit has counseled trial courts to apply the law of contract in interpreting written plea agreements in federal cases. *United States v. Harvey*, 791 F.2d 294, 300 (4th Cir.1986). Consistent with well recognized principles, courts should construe contract provisions in the context of plain language in its ordinary sense. *United States v. Holbrook*, 368 F.3d 415, 420 (4th Cir.2004).

At core, the defendant's argument is that the words "specific conduct" in the first sentence of paragraph 5 and "crimes related to" in the second sentence of paragraph 5, are concepts of different meaning. Unlike prosecutions for subsequent "offenses", which is controlled by constitutionally-grounded notions of double jeopardy, "subsequent conduct" is much broader and encompassing. In the defendant's view, the definitional boundaries of "conduct" are broad enough to encompass its use as an essential element of an offense for which the defendant is subsequently prosecuted. This Court disagrees.

The linchpin of the defendant's argument is the inclusion of the drug conspiracy as an element of the crimes charged in the current Indictment. Absent proof of the same conspiracy, which formed the essence of Count One of the 2002 Indictment and which was bargained away in paragraph 5 of the 2002 Plea Agreement, the government could not prove Counts One, Two and Three of the current Indictment.

■ With respect to his constitutional challenge, the defendant appears to concede that reliance on the conspiracy to prove statutory elements of Counts One, Two and Three of the current Indictment is not barred by the double jeopardy clause. Clearly, the offenses charged in these counts, namely Murder while Engaged in Drug Trafficking (21 U.S.C. § 848(e)(1)(A)); Conspiracy to Use or Carry a Firearm (18 U.S.C. § 924(n)); and Possession of a Firearm in Furtherance of Drug Trafficking (18 U.S.C. §§ 924(c) and 2) are statutorily separate and distinct from the charge of conspiracy to distribute heroin and cocaine base contained in the 2002 Indictment. In enacting the legislation, Congress intended to create discrete offenses and to provide separate punishments.

The offenses at issue in the 2002 and current Indictments are distinct in law and in fact. *See Blockburger v. United States,* 284 U.S. 299, 303–304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Accordingly, prosecution of the defendant for committing a homicide in the course of a drug conspiracy, for which he received the legal equivalent of transactional immunity, is not barred by the double jeopardy clause of the Fifth Amendment. *See Garrett v. United States,* 471 U.S. 773, 793–796, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985).

The defendant's second challenge, however, is predicated on settled principles of contract construction, which is appropriate in seeking enforcement of a plea agreement. *United States v. Harvey,* 791 F.2d 294, 300 (4th Cir.1986). Courts must interpret the plain language of a written plea agreement in its ordinary sense, where its terms are unambiguous. *Holbrook,* 368 F.3d at 420. The defendant contends that his present prosecution is a breach of the 2002 Plea Agreement. Relying on *Santobello v. New York,* 404 U.S. 257, 263, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the defendant seeks specific performance through dismissal of Counts One, Two and Three of the current Indictment.

In order to prevail, however, the defendant must demonstrate that the crimes of (1) Murder While Engaged in Drug Trafficking; (2) Conspiracy to Use or Carry a Firearm During and in Relation to a Drug Trafficking Offense; and (3) Possession of a Firearm in Furtherance of Drug Trafficking, are the same "specific conduct" as the conspiracy to distribute heroin and crack cocaine charged in the 2002 Indictment and accompanying Statement of Facts. Neither the 2002 Indictment nor the Statement of Facts mentions murder, crimes of violence, firearms or analogous offenses.

It is the opinion of this Court that the conspiracy charge in the 2002 Indictment, dismissed based on the 2002 Plea Agreement at issue, is legally and factually distinguishable from the "specific conduct" charged in Counts One, Two and Three of the current Indictment. This interpretation is further buttressed by the second sentence of paragraph 5 of the 2002 Plea Agreement, which reads "[T]herefore, defendant does not have immunity for crimes related to, but not specifically set out in the Indictment or Statement of Facts." As the word "therefore" implies, the second sentence of paragraph 5 is intended to clarify the first. In this Court's view, the meaning is clear and unambiguous and, therefore, the defendant's Motion to Dismiss Indictment is DENIED.

An appropriate Order will accompany this Memorandum Opinion.